IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


STACY A. QUARLES-LASECKI                                                    PLAINTIFF

v.                                          CIVIL NO. 20-cv-3009

ANDREW SAUL, Commissioner                                              DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Stacy A. Quarles-Lasecki, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the provisions of Titles II and XVI of the Social Security Act (the "Act").   In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her applications for DIB and SSI on September 5, 2017, and October 23, 2018. (Tr. 13). In her applications, Plaintiff alleged disability beginning on June 7, 2017, due to a back injury. (Tr. 13, 191). An administrative hearing was held on January 9, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 60-88). A vocational expert ("VE") also testified.  (*Id*.).

On July 11, 2019, the ALJ issued an unfavorable decision. (Tr. 10-26).  The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: major depression, generalized anxiety disorder, disorder of the back, and chronic pain syndrome. (Tr. 15-16). However, after reviewing all of the evidence

presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity

of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P,

Appendix 1. (Tr. 16-17). The ALJ found that Plaintiff retained the residual functional capacity

(RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)
> except the claimant can occasionally climb ramps and stairs; never climb ladders,
> ramps, and scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl.
> She is limited to work with simple, routine, and repetitive tasks involving only
> simple work-related decisions with few, if any, workplace changes and no more
> than incidental contact with co-workers, supervisors, and the general public.
> (Tr. 18-24).

The ALJ found Plaintiff would be unable to perform any of her past relevant work.  (Tr.

24). With the help of a vocational expert, the ALJ then determined that Plaintiff could perform

the representative occupations of document preparer or circuit board assembly.  (Tr. 25).  The

ALJ found Plaintiff was not disabled from June 7, 2017, through the date of his decision.  (Tr.

26).

Subsequently, Plaintiff filed this action. (Doc. 2).  This case is before the undersigned

pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the

case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported

by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th

Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable

mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must

be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314

F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that

supports the Commissioner's decision, the Court may not reverse it simply because substantial

evidence exists in the record that would have supported a contrary outcome, or because the

Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff generally argues the ALJ's decision was not supported by substantial evidence.  (Doc. 13 pp. 3-10). Plaintiff argues that the ALJ erred in his RFC determination as Consultative Examiner Dr. Brownfield's opinion should have been controlling. (Doc. 13, p. 7).   Plaintiff also argues the ALJ also erred in assessing Plaintiff's subjective complaints of pain and improperly weighed her ability to perform her daily activities.  (Doc. 13, p. 8-9). The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 24th day of November 2020.

/s/   *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

3